Published

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **BCBE PROPERTIES, LLC,** ) | |
| ) | |
| Plaintiff, ) | Case No. 2:06CV00016 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **LAND-O-SUN DAIRIES, LLC,** ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Jeffery A. Sturgill, Sturgill & Kennedy, Wise, Virginia, for Plaintiff; Steven R. Minor, Elliott Lawson & Minor, Bristol, Virginia, for Defendant.*

In this action under Virginia law for specific performance of a real estate contract, the issue is whether the terms of the contract leave the purchaser without a remedy. I find that it spite of the contract's terms the purchaser may still have a remedy. Accordingly, I will deny the seller's Motion to Dismiss.

I

The facts as alleged in the Complaint and its exhibits, which facts I must accept for the purposes of the Motion to Dismiss, are as follows.

Land-O-Sun Dairies, LLC ("Seller") and BCBE Properties, LLC ("Purchaser") entered into a written "Real Estate Sale Contract" in October 2005 (the "Contract")

regarding the sale of certain property located in Big Stone Gap, Virginia. The purchase price was $75,000 and the Contract provided that Purchaser would deposit $3,000 as earnest money with an escrow agent, to be credited to the purchase price.

Paragraph 6 of the Contract provided as follows:

> <u>Default:</u> In the event this transaction fails to close for any reason other than the (i) fault of Seller, or (ii) pursuant to Section 8, the Earnest Money shall be promptly paid to Seller, and Purchaser shall be thereby released from all liability or obligation hereunder. With respect to the failure of this transaction to close as a result of Seller's fault or other failure of Seller to perform the terms set forth in this Contract, this Contract shall terminate and Purchaser shall receive the Earnest Money, as its sole remedy; provided that if the transaction fails to close pursuant to Section 8, Purchaser shall have the additional remedies set forth therein.

Section 8 of the Contract, entitled "Condemnation and Casualty," provided that if the property were destroyed or taken by eminent domain prior to closing, Purchaser had the right to terminate the Contract and receive back the earnest money.

The Contract contemplated a closing following a title examination, survey, and inspection of the property. The closing was delayed because of financing arrangements, but those were resolved and a "Settlement Statement" was signed by the parties with a "settlement date" of December 20, 2005. The executed deed and other closing documents were delivered to the escrow agent, as well as the purchase money funds.

On January 12, 2006, Seller wrote to Purchaser declaring that Purchaser "was in default" and directing the escrow agent to return the earnest money to Purchaser and releasing Purchaser from "any further liability or obligation under Contract."

Thereafter, on February 14, 2006, Purchaser filed suit in the Circuit Court of Wise County, Virginia, against Seller, seeking specific performance of the Contract, contending that all of the conditions precedent to the closing had occurred. Seller timely removed the action to this court, based on diversity of citizenship and amount in controversy.[1] Seller then filed the present Motion to Dismiss, asserting that under the second sentence of paragraph 6 of the Contract, as quoted above, Purchaser had no remedy for breach of contract because Seller had directed the escrow agent to return the earnest money to Purchaser, as shown by its letter of January 12, 2006, an exhibit to the Complaint.

The Motion to Dismiss has been briefed and orally argued and is ripe for decision.

---

[1] *See* 28 U.S.C.A. § 1332(a) (West 1993 & Supp. 2005). While the purchase price was $75,000, the settlement costs, as set forth in the Settlement Statement, show that the amount in controversy exceeds $75,000. *See In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 610 (7th Cir. 1997) (holding that in injunction case, the defendant's cost of compliance with the injunction can be added to meet the minimum amount in controversy).

II

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, the plaintiff is not entitled to relief. The court may not dismiss a complaint unless the plaintiff can prove no set of facts that would entitle the plaintiff to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Because this is a diversity case, I must apply the substantive law of Virginia. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938). In order to determine state law, a federal court must follow the decisions of the state's highest court, or, where the law is unclear, predict how that court would rule, based on "canons of construction, restatements of the law, treatises, recent pronouncements of general rules or policies by the state's highest court, well considered dicta, and the state's trial court decisions," among other things. *Wells v. Liddy,* 186 F.3d 505, 528 (4th Cir. 1999).

Paragraph 6 of the Contract, by its plain terms, absolves the Seller from any breach of contract. It provides that if the transaction fails to close due to Seller's fault

or failure to abide by the terms of the Contract, the Buyer will have no remedy, so long as the Buyer receives back its own earnest money.

Purchaser argues, however, that paragraph 6 does not apply because the sale had in effect closed, since Seller had delivered the necessary deed and other closing documents to the escrow agent and Purchaser had supplied the purchase money.[2] The escrow agent is the agent of both parties, *see Winslow, Inc. v. Scaife*, 254 S.E.2d 58, 60 (Va. 1979), and a settlement occurs once the escrow agent has received the documents and funds necessary to carry out the terms of the sales contract and there has been compliance with the conditions of the contract. *See* Va. Code Ann. § 6.1-2.10(8) (Michie 1999) (defining "settlement" in Virginia's Wet Settlement Act); *see also* 28 Am. Jur. 2d *Escrow* § 18 (2000).[3]

---

[2] It can be argued that the Contract is unenforceable as a whole because Seller's promise to sell was not valid consideration supporting the formation of a bilateral contract. To be lawful consideration supporting such a contract, the promises must be valid—that is, they must promise something detrimental to the promisor or beneficial to the promissee. *See* 3 Samuel Williston & Richard A. Lord, *A Treatise on the Law of Contracts* § 7:14 (4th ed. 1993 & Supp. 2005). If one of the parties is free to choose whether or not to perform its promise, there is no binding contract. *See Busman v. Beeren & Barry Invs., LLC*, No. 2005-002650, 2005 WL 3476681, at *2-3 (Va. Cir. Ct. Dec. 12, 2005) (finding similar real estate contract unenforceable). Seller does not make this argument, however, and in fact asserts that there was valid consideration supporting the Contract.

[3] Indeed, one of the advantages of an escrow arrangement is that it allows a completed transaction even if one of the parties dies or becomes incapacitated before the deed and purchase money are distributed by the escrow agent to the respective parties. *See* 14 Richard R. Powell & Michael Allan Wolfe, *Powell on Real Property* § 81.01[2][c] (2005).

Seller contends that under Purchaser's theory the present suit should be solely against the escrow agent rather than Seller. However, it is clear from the facts alleged that it is Seller, by its January 12, 2006 letter to the escrow agent, that is preventing the consummation of the transaction. According to Purchaser's allegations, it is Seller who asserts rights to the property and thus Seller is a proper party to the action. *See* 28 Am. Jur. 2d *Escrow* § 47.

Because paragraph 6 of the Contract, relied upon by Seller in its Motion to Dismiss, applies by its plain terms only prior to closing, under the facts as alleged, the Contract does not bar the present action.

### III

I find that Purchaser has adequately pled a cause of action for specific performance, and thus I will deny the Motion to Dismiss.

It is so **ORDERED**.

ENTER: May 22, 2006

/s/ JAMES P. JONES
Chief United States District Judge